## HOYT v. BLACK HAWK COUNTY.

1. **Pauper:** IN CITY: WHO MAY ORDER AID FOR: STATUTE CONSTRUED. When, under section 1361 of the Code, the board of supervisors has appointed an overseer of the poor for a city, such overseer has exclusive control of the poor of such city, and the township trustees have exclusive control of the poor in the township outside of the city, and in such case the county is not liable for aid rendered a city pauper on the order of the township trustees.

*Appeal from Black Hawk District Court.*

THURSDAY, JULY 13.

ACTION to recover for relief furnished to a pauper, one Mary J. Hays. The question presented in this case arises upon the construction of Sec. 1361 of the Code. The pauper resided within the limits of Waterloo, a city of the second class. The board of supervisors had appointed for the city an overseer of the poor. Application was made to him to provide relief for the pauper without her being sent to the county poor house, which he refused to do. Application was then made to the trustees of Waterloo township, being the township which embraces that part of the city of Waterloo in which the pauper resided. They determined that the pauper was entitled to relief, and was such a person as should not be sent to the county poor house. They accordingly directed the plaintiff to furnish her certain relief. The plaintiff presented his bill duly certified to the board of supervisors, which they refused to pay. The action is brought upon such bill. There was a trial without a jury and judgment was rendered for the plaintiff. The defendant appeals.

*M. T. Owens*, for appellant.

*Boies & Couch*, for appellees.

ADAMS, J.—The defendant claims that the township trustees upon whose order the relief was furnished had no jurisdiction in the premises. Its position is that when the board

of supervisors appointed an overseer of the poor of the city, it excluded the jurisdiction of the township trustees in relation to such poor.

That portion of the statute upon which the question arises is in these words: "Where a city of the first or second class * * * is embraced within the limit of any township, the board of supervisors may appoint an overseer of the poor, who shall have within said city all the powers and duties conferred by this chapter on the township trustees." The question presented is as to whether the city overseer is to be deemed to have exclusive control of the city poor, or whether his power is to be exercised concurrently with that of the township trustees, either having the power to provide relief whenever the occasion should seem to require. In our opinion the power conferred upon the city overseer is exclusive. That of the trustees is exclusive in the township outside of the city, and that is expressly made the measure of the overseer's power within the city. The language used is "all the powers and duties conferred," etc. In our opinion as the relief furnished was not furnished upon the order of the city overseer, the plaintiff cannot recover.

REVERSED.